# FEDERAL OPINIONS

## No. 721

## CHOLAKOS v. UNITED STATES

U. S. Appeals, 6th Circuit

No. 4072. Decided Nov. 5, 1925.

964. **PROSTITUTION—Within state, unnecessary to constitute violation of White Slave Act if defendant furnished girl when outside the state money for her transportation into state for that purpose.**

KNAPPEN, C. J.

Nick Cholakos was convicted of violating the White Slave Act; the specific charge being that he aided and assisted in obtaining transportation in interstate commerce for Edna Hanshaw Edens from Kentucky to Lorain, Ohio, for the purpose of prostitution and other immoral purposes. It developed that she married one, Stanley in Cleveland before proceeding to Lorain.

Cholakos, it seems, kept a rooming house for men in Lorain, and Edens testified that she had been there on two previous occasions, that she was there as a commercial prostitute and that she had sexual relations with Cholakos. He denied both allegations claiming she was there as a chambermaid, he denied that money was sent to her for an immoral purpose, and disclaimed any knowledge that she was engaged in prostitution. Error was prosecuted from the judgment of the District Court, the assignment therein being directed solely at the charge of the court. The Circuit Appeals held:

1. The court, charging that if Cholakos furnished the girl when outside of Ohio, the means of transportation into the state, thereby inducing her to make the trip for the purpose charged it would be immaterial whether the prostitution took place after she reached Ohio, was correct.

2. The argument that under the charge, Cholakos might have been convicted if the girl had come into Ohio merely to shop or marry Stanley is without force, especially in view of the instructions given when exception was taken to the portion of the charge just referred to.

3. The jury was told if there was evidence tending to prove that the girl "crossed the state line, not with the purpose of going to Lorain, but with the purpose of meeting Stanley, and that this was the inducing motive," Cholakos ought not to be convicted.

4. It is contended that the verdict should have been directed in favor of Cholakos. This cannot be considered, not only was no motion to that effect made, but there was substantial testimony sustaining the Government's case, and this court cannot weight conflicting testimony or pass on the credibility of witnesses. Judgment of District Court affirmed.

Attorneys—Reed, Meals, Orgill & Maschke for Cholakos; Fred S. Day, A. E. Bernsteen and M. A. McCormick for U. S.; all of Cleveland.